IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RICK MARTIN BOSWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-063 |
| | ) | |
| BRAD HOOKS, Warden, Johnson State Prison; | ) | |
| TIMOTHY JONES, Deputy Warden of Care | ) | |
| and Treatment, Johnson State Prison; | ) | |
| DEANN MORRIS, Health Services | ) | |
| Administrator, Johnson State Prison; | ) | |
| DR. AJIBADE, Medical Director, Johnson | ) | |
| State Prison; WARDEN MORALES, | ) | |
| Johnson State Prison; KATIE KENNEDY, | ) | |
| Warden, Coastal State Prison; DAVID | ) | |
| MILTON, Health Services Administrator, | ) | |
| Coastal State Prison; ANGIE HENRY, | ) | |
| Deputy Warden, Coastal State Prison; | ) | |
| ROBERT HUMES, Former Deputy | ) | |
| Warden, Coastal State Prison; ERIC | ) | |
| FOGAM, Medical Director, Coastal State | ) | |
| Prison; DR. O. AWE, Coastal State | ) | |
| Prison; DAVID TIMMS, Doctor, Augusta | ) | |
| State Medical Prison; DAVID OWENS, | ) | |
| Doctor, Augusta State Medical Prison, | ) | |
| Tech Care Mobile X-Rays; EUPHA NORIE, | ) | |
| Doctor, Augusta State Medical Prison; and | ) | |
| DR. SHARON LEWIS, Georgia Department | ) | |
| of Corrections,[1] | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

[1] The **CLERK** is **DIRECTED** to update the list of Defendants in accordance with the caption of this Report and Recommendation, which is consistent with Plaintiff's amended complaint timely filed in response to the Court's September 5, 2014 Order. (Doc. no. 35, pp. 1, 4.)

Plaintiff, an inmate incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia, brings the above-captioned case pursuant to 42 U.S.C. § 1983, complaining about events that occurred at Coastal State Prison ("CSP") in Garden City, Georgia, at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, and at JSP. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006). As explained below, Plaintiff has had multiple opportunities to amend his complaint, and it is the amended complaint filed on October 10, 2014 (doc. no. 35) that is now before the Court for screening.

## I. SCREENING OF THE AMENDED COMPLAINT

### A. BACKGROUND

Plaintiff originally filed this action in the Middle District of Georgia, but it was transferred to the Southern District of Georgia when, after he filed a recast complaint, it became clear he was complaining about events at CSP and JSP, both of which are in this District. (Doc. no. 14.) The case was transferred first to the Savannah Division and subsequently to this Division. (Doc. no. 16.)

During the course of the multiple transfers and prior to filing his October 10, 2014 amended complaint, Plaintiff submitted no less than seven iterations of his complaint. (See doc. nos. 1, 8, 11, 17, 19, 20, 25.) At one time or another, he named more than fifteen defendants and submitted approximately seventy-seven pages of disjointed explanations of various events that occurred at separate prisons with respect to a broken finger, accompanied by exhibits, the relevance of which had not been explained. In addition to these multiple versions of his complaint, Plaintiff filed a Motion for Emergency Mandatory Injunction, which upon examination, is merely a restatement of the relief sought by this lawsuit, in essence, an attempt to

leapfrog the litigation process and have the Court grant the relief requested without hearing from the opposition. (See doc. no. 3.)

In its September 5, 2014 Order, the Court explained to Plaintiff his shotgun pleadings were not allowed under Eleventh Circuit case law, and furthermore, he could not join unrelated claims and various defendants unless his claims arise "out of the same transaction, occurrence, or series of transactions or occurrences and any question of law or fact common to all defendants will arise in the action." (Doc. no. 29, pp. 3-5 (citing Fed. R. Civ. P. 20).) The Court also specifically explained that unrelated claims against persons at CSP must be brought in a separate complaint filed in the Savannah Division of this Court, while claims against persons at JSP would remain in the Dublin Division of this Court. (Id. at 5 n.2) In the same Order, the Court instructed Plaintiff how to amend his complaint. (Id. at 6-7.) The Court cautioned Plaintiff that if he wanted to pursue this case, he must file an amended complaint in accordance with the instructions provided. (Id. at 5.)

In the latest iteration of his complaint currently under review, Plaintiff names fourteen Defendants from three prisons located within three separate Divisions of the Southern District of Georgia, and one Georgia Department of Corrections ("DOC") official located in the Northern District of Georgia. He fails to describe the relatedness of Defendants or claims that are geographically diverse and occur during a time period spanning well over one year. Rather, Plaintiff generally describes that he broke his finger on July 17, 2012, at CSP, and then, referencing exhibits which are not attached to his current filing, talks about different medical consultations and x-rays he received, as well as grievances he filed. Although Plaintiff refers to his injury as a broken hand, his "replica" of an x-ray of his left hand clearly depicts a broken "pinky" finger. (Doc. no. 35, p. 10.) Plaintiff boils down his complaint to the following, "All named defendants are personally involved because they were all at some point and time informed

3

about my broken hand and done nothing about getting me the medical attention I need." (Id. at 8.) Plaintiff seeks monetary damages, as well as immediate release from prison so that he can get the surgery he believes he needs. (Id. at 6.)

The Court is aware that subsequent to his extended deadline for complying with the Court's September 5, 2014 Order, Plaintiff submitted yet another amended complaint. (Doc. no. 36.) As discussed in more detail below, it neither complies with the Court's substantive instructions regarding amendment or the procedural requirements of the Federal Rules of Civil Procedure. Accordingly, the Court will screen the amended complaint filed on October 10, 2014. (See doc. no. 35.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual

4

allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Complaint Should Be Dismissed for Failure to Follow a Court Order.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[2] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, dismissal without prejudice is generally

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, the Court provided Plaintiff explicit instructions on the method for amending his complaint if he wanted to pursue this case, including the admonitions to include no more than six handwritten pages; to not incorporate by reference any portion of a prior version of his complaint; and to write the body of his complaint in sequentially numbered paragraphs containing an explanation and dates of alleged misconduct, and names of defendants who participated. (See doc. no. 29, pp. 6-7.) Although Plaintiff did adhere to the page limit for handwritten additions in his October 10, 2014 filing, he did not follow the Court's other instructions. There are no sequentially numbered paragraphs providing details about the alleged unconstitutional conduct of each of the fifteen named Defendants. Plaintiff also references exhibits that are not attached to his amended complaint, even though he was cautioned that no portion of any prior piecemeal pleading could be incorporated by reference. Because Plaintiff is proceeding *in forma pauperis*, the Court finds that the imposition of monetary sanctions is not a feasible sanction for disobeying the Court's instructions about amending.

As to the document filed by the Clerk of Court on October 27, 2014, (doc. no. 36), it was neither authorized by the Court or the Federal Rules of Civil Procedure and therefore will not be considered. The Court's September 5th Order directed Plaintiff to file a single amended complaint containing all of his allegation on the standard form complaint used by incarcerated *pro se* litigants in the Southern District of Georgia, with no more than six handwritten pages

attached. (Doc. no. 29, p. 5.) He had a fourteen-day deadline to comply, and upon Plaintiff's request, the Court granted him an extension of time until October 10th to file his single amended complaint. (Id.; doc. nos. 30, 31.) After filing an amended complaint on October 10th on the standard form with no more than six handwritten pages, Plaintiff sent in another twelve handwritten pages and stated his filing was not to "disturb" the complaint filed on October 10th, but rather it should be added to his October 10th submission. (Doc. no. 36, p. 12.)

Not only was the "addition" filed in contravention of the Court's Order, but under Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within 21 days after serving it, or if a responsive pleading has been filed to the original pleading, within 21 days after that response. Otherwise, a party must have opposing party's consent or the Court's permission. Fed. R. Civ. P. 15(a). Prior to the Court's September 5th Order, Plaintiff had already submitted at least seven iterations of complaint; he received permission from the Court to file one, complete statement of his claims on a standard complaint form with six additional pages. He did not receive permission for the twelve additional, and untimely, pages, and his filing is demonstrative of his pattern of disobedience of instructions from the Court, as well as the Federal Rules of Civil Procedure. Accordingly, the document filed on October 27th, (doc. no. 36), will not be considered by the Court.

Moreover, the Court has explained to Plaintiff on multiple occasions that he may not bring unrelated claims in a single lawsuit. Rather than explain in the amended complaint the relatedness of any claims he had against persons at CSP and JSP as instructed in the Court's September 5th Order, Plaintiff added a third set of Defendants at yet another institution, ASMP. Plaintiff again fails to show that all Defendants and claims are properly joined under Fed. R. Civ. P. 20.

7

There are two requirements for joinder under Rule 20: (1) all claims against joined defendant must arise out of "the same transaction or occurrence, or series of transactions or occurrences"; and (2) "there must be some question of law or fact common to all defendants that will arise in the action." Smith v. Trans-Siberian Orchestra, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing Alexander v. Fulton County, Ga., 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by* Manders v. Lee, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (*en banc*).). "In determining what constitutes a transaction or occurrence for the purposes of Rule 20(a), courts have looked for meaning to Fed. R. Civ. P. 13(a) governing compulsory counterclaims." Alexander, 207 F.3d at 1323. Under the requirements of Rule 13(a), "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." Construction Aggregates, Ltd. v. Forest Commodities Corp., 147 F.3d 1334, 1337 n.6 (11th Cir. 1998); Tarver v. Owens, 5:14-CV-214, 2014 WL 3810594, at *4 (M.D. Ga. Aug. 1, 2014) (same). A logical relationship exists when the claims depend upon the same set of facts, or the facts of one claim "activate additional legal rights supporting the other claim." Smith, 728 F. Supp. 2d at 1319.

Plaintiff has been advised multiple times by judges in both the Middle and Southern Districts of Georgia he must file a complaint that brings claims only arising from related events, and claims based on separate events require separate cases. (Doc. no. 7, p. 2; doc. no. 29, pp. 4-5.) Yet he continues to bring unrelated claims about medical care he received at separate locations, from separate medical providers, and at different times. Therefore, joinder is not proper. See Tarver, 2014 WL 3810594, at *4. Moreover, dismissal is appropriate when a plaintiff does not comply with a court order to show the relatedness of claims and defendants. Skillern v. Georgia Dep't of Corr., 379 F. App'x 859, 860 (11th Cir. 2010) (affirming dismissal

of complaint where, after direction from court to do so, plaintiff failed to show claims and defendants were related "but instead claimed that many different transactions and occurrences were related because they showed the defendant's overall indifference to his medical conditions.")

Plaintiff's case should be dismissed for failing to follow the Court's instructions regarding amending his complaint.

### 3. Plaintiff's Amended Complaint Should Also Be Dismissed for Failing to State a Claim Upon which Relief Can Be Granted.

Even if Plaintiff had limited his amendment to related claims, his complaint is deficient because it simply alleges that all Defendants, all but four of whom hold some type of supervisory positions, were at some time informed that Plaintiff had a broken finger. Not only does Plaintiff fail to plead that each Defendant, including the four doctors, had a subjective knowledge of a risk of serious harm to Plaintiff and disregarded that risk through conduct that is more than gross negligence, Goodman v. Kimbrough, 718 F.3d 1325, 1331-32 (11th Cir. 2013), but he also fails to allege the supervisory Defendants personally participated in the alleged unconstitutional conduct or that there was a causal connection between the supervisors actions and the alleged unconstitutional conduct. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Merely alleging that a Defendant knew somehow, at some time, that Plaintiff had a broken finger is not sufficient to state a deliberate indifference claim. See Franklin v. Curry, 738 F.3d 1246, 1250-51 (11th Cir. 2013) (alleging in conclusory fashion a defendant "knew or should have known" about a problem does not satisfy pleading requirements).

Lastly, to the extent Plaintiff attempts to hold any Defendant liable for failing to follow the proper grievance procedure or liable for deliberate indifference based on viewing the information in a grievance, such claims fail. Under Eleventh Circuit law, "an inmate has no

of complaint where, after direction from court to do so, plaintiff failed to show claims and defendants were related "but instead claimed that many different transactions and occurrences were related because they showed the defendant's overall indifference to his medical conditions.")

Plaintiff's case should be dismissed for failing to follow the Court's instructions regarding amending his complaint.

### 3. Plaintiff's Amended Complaint Should Also Be Dismissed for Failing to State a Claim Upon which Relief Can Be Granted.

Even if Plaintiff had limited his amendment to related claims, his complaint is deficient because it simply alleges that all Defendants, all but four of whom hold some type of supervisory positions, were at some time informed that Plaintiff had a broken finger. Not only does Plaintiff fail to plead that each Defendant, including the four doctors, had a subjective knowledge of a risk of serious harm to Plaintiff and disregarded that risk through conduct that is more than gross negligence, Goodman v. Kimbrough, 718 F.3d 1325, 1331-32 (11th Cir. 2013), but he also fails to allege the supervisory Defendants personally participated in the alleged unconstitutional conduct or that there was a causal connection between the supervisors actions and the alleged unconstitutional conduct. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Merely alleging that a Defendant knew somehow, at some time, that Plaintiff had a broken finger is not sufficient to state a deliberate indifference claim. See Franklin v. Curry, 738 F.3d 1246, 1250-51 (11th Cir. 2013) (alleging in conclusory fashion a defendant "knew or should have known" about a problem does not satisfy pleading requirements).

Lastly, to the extent Plaintiff attempts to hold any Defendant liable for failing to follow the proper grievance procedure or liable for deliberate indifference based on viewing the information in a grievance, such claims fail. Under Eleventh Circuit law, "an inmate has no

constitutionally-protected liberty interest in access to [a prison grievance] procedure." Bingham v. Thomas, 654 F.3d 1171, 1177-78 (11th Cir. 2011). Thus, any claim that any Defendant mishandled his grievances or improperly denied a grievance fails to state a claim upon which relief may be granted. See id.; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate.").

Likewise, a supervisor may not be held liable simply because a plaintiff alleges he filed a grievance that went to the supervisor. See Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming dismissal of supervisory liability claims against two defendants who denied grievances because the record failed to show personal participation or a causal connection); see also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability on supervisory officials who denied administrative grievances and failed to act on allegations), *cert. denied*, 530 U.S. 1264 (2000).

## II. REMAINING MOTIONS

### A. MOTION FOR "EMERGENCY" TREATMENT

At the time Plaintiff originally filed his complaint in the Middle District of Georgia, he simultaneously filed a motion for injunctive relief, requesting an order to prison officials to immediately provide non-specific "medically needed treatment." (Doc. no. 3.) As explained in the Court's September 5, 2014 Order, the motion is, in essence, merely a restatement of the request for relief sought in this lawsuit. Notably, the affidavit offered in support of the motion chronicles Plaintiff's health ailments dating back to 2007, prior to his arrest that ultimately resulted in his current incarceration. (Id., Ex. A.) Although this lawsuit is about his disagreement with the

treatment provided for a broken finger, he complains in his motion for injunctive relief about eye treatments and physical therapy that he did, or did not, receive over a period of approximately seven years, at no less than five prisons located across the state of Georgia. (Id.)

A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cnty., 720 F.2d. 1511, 1519 (11th Cir. 1983)).

Plaintiff has not met his burden of persuasion on all four requisites for obtaining injunctive relief. First, he has not shown a substantial likelihood of success on the merits because as discussed above, he has not stated any viable claims for relief based on his broken finger, the subject of this lawsuit. Issues with eye treatment and physical therapy that occurred starting seven years ago at multiple institutions across the state of Georgia are not part of this lawsuit. As Plaintiff has been instructed repeatedly, he must file separate lawsuits for his unrelated claims. Second, Plaintiff has not shown that he will be irreparably harmed if the injunction does not issue. Notably, Plaintiff does not even identify the nature of the "emergency medical care and treatment" he seeks. (Doc. no. 3, p. 8.) Although he claims his broken finger is life-threatening, he admits the injury occurred over two years ago. (Id. at 4.)

Plaintiff also completely fails to address whether the threatened injury to him outweighs

whatever damage the proposed injunction may cause the opposing party and whether if issued, the injunction would be adverse to the public interest. Simply put, his transparent attempt to bootstrap into one case, for one filing fee, a whole host of claims related to his overall dissatisfaction with his medical care since entering the custody of the Georgia DOC should not be rewarded with an order from the Court directing prison officials to provide Plaintiff with the care that he wants, and his motion should be denied. Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Where a prisoner has received . . . medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments. . . .").

### B. MOTION TO STAY IN THE SOUTHERN DISTRICT

Plaintiff also filed a motion requesting that DOC officials be required to keep Plaintiff in the Southern District of Georgia until this case is resolved. The motion should be denied. (Doc. no. 34.) The law is well settled that federal courts should refrain from unwarranted interference in the day-to-day operations of prisons. See Bell v. Wolfish, 441 U.S. 520, 547 (1979). To the extent Plaintiff also requests that prison officials be ordered not to retaliate against him, it is clearly established that retaliating against an inmate for filing a lawsuit is unconstitutional. See Williams v. Brown, 347 F. App'x 429, 435-36 (11th Cir. 2009); Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). Thus, the request for an order prohibiting any entity, named Defendants or otherwise, from retaliating against Plaintiff would serve little purpose, as it would amount to nothing more than an instruction to "obey the law" — a duty already in place. See Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999) (refusing to issue order which would amount to broad instruction to simply "obey the law").

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motions for emergency treatment and to stay in the Southern District of Georgia be

**DENIED** (doc. nos. 3, 34), and that this case be **DISMISSED WITHOUT PREJUDICE** so Plaintiff may, if he chooses, pursue in separate lawsuits, any related claims against officials at Coastal State Prison, Johnson State Prison, or Augusta State Medical Prison.

SO REPORTED and RECOMMENDED this 31st day of October, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA